UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PIERRE TURNER,

        Plaintiff,

        Case No. 1:24-cv-443

v.

        Honorable Robert J. Jonker

STACY KING,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility in Kincheloe, Chippewa County, Michigan. The events

about which he complains occurred in Kalamazoo County, Michigan. Plaintiff sues Probation Officer Stacy King in her official capacity. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he states that on October 18, 2021, non-party Judge Lightvoet sentenced him "to a 3-year term of probation for the offense of arson 2nd degree."[1] (*Id.*, PageID.3.) "In addition to the usual terms and conditions of probation," Judge Lightvoet ordered Plaintiff to be placed on electronic monitoring. (*Id.*) Plaintiff was released from jail on October 22, 2021, and was placed on electronic monitoring. (*Id.*) That same day, Plaintiff met with Defendant King, and Plaintiff advised King that he "would be living with the victim, Sierra Ramsey, . . . until [he] could transfer to [his] grandmother's house in Detroit." (*Id.*) Defendant King contacted Ms. Ramsey, and Ms. Ramsey "confirmed that [Plaintiff] could reside in her home with her and her 3 kids." (*Id.*) "A home call was completed on 10/26/2021." (*Id.*)

Subsequently, on December 31, 2021, Plaintiff was arrested for domestic violence. (*Id.*) Plaintiff claims that "no charge[s] were authorized in this matter." (*Id.*) On January 4, 2022, Defendant King "entered a request for probation violation warrant," and on March 21, 2022, Judge Lightvoet found Plaintiff guilty "on count 2 . . . [for] having contact with Sierra Ramsey [and] count 3 . . . [for] engaging in assaultive, abusive and/or intimidating behavior by assaulting Sierra Ramsey." (*Id.*) Judge Lightvoet sentenced Plaintiff to "90 months to 20 years in MDOC custody." (*Id.*)

As relief, Plaintiff requests that his probation be reinstated or that he be "financially compensated." (*Id.*, PageID.4.)

---

[1] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

2

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As an initial matter, although not specified in Plaintiff's complaint, Defendant King is likely employed by the State of Michigan, rather than Kalamazoo County. *See* 9th Judicial Circuit Court, Felony Adult Probation, https://www.kalcounty.com/courts/circuit/adultprobation.htm (last visited June 6, 2024) (stating that "[t]he Kalamazoo County Parole/Probation Office is a State of Michigan service provided to the 9th Judicial Circuit Court"). Therefore, Plaintiff's suit against Defendant King in her official capacity is equivalent to a suit against the State of Michigan. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). However, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Here, Plaintiff sues Defendant King in her official capacity only. (Compl., ECF No. 1, PageID.2.) An official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Therefore, Plaintiff may not seek monetary damages against Defendant King in her official capacity.

Moreover, even if Defendant King is not employed by the State of Michigan, Defendant King, as a probation officer, is entitled to quasi-judicial immunity for Plaintiff's claims for monetary damages. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself."); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (discussing functional approach to quasi-judicial immunity).

The United States Court of Appeals for the Sixth Circuit has held that probation officers are entitled to quasi-judicial immunity. *See Loggins v. Franklin Co.*, 218 F. App'x 466, 476 (6th Cir. 2007); *see also Balas v. Leishman–Donaldson*, No. 91–4073, 1992 WL 217735, at *5 (6th Cir. Sept. 9, 1992) (concluding that a probation officer performing duties to ensure a probationer was complying with the terms of probation was entitled to quasi-judicial immunity); *Timson v. Wright*, 532 F.2d 552 (6th Cir. 1976) (holding quasi-judicial immunity shields chief probation officer from liability). For this additional reasons, Defendant King is immune from claims for monetary damages.

Furthermore, Plaintiff's present action seeking monetary damages and injunctive relief, which challenges the validity of his probation revocation and the fact or duration of his

5

confinement, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (extending the holding in *Heck* to request for declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (concluding that a claim for injunctive relief was intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's challenge to the revocation of his probation is not cognizable under § 1983 until the revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87; *see Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). The principles espoused in *Heck* have been applied to § 1983 actions, like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Huey v. Stine*, 230 F.3d 226, 229 (6th Cir. 2000). Plaintiff has not shown the invalidity of his probation revocation. Therefore, Plaintiff fails to present a cognizable claim under § 1983.[3]

---

[2] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

[3] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02–2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03–1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03–1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (concluding that a *Heck*-barred claim fails to state a claim and is frivolous).

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   June 10, 2024              /s/ Robert J. Jonker
                                     Robert J. Jonker
                                     United States District Judge